```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
NAXOS ART, INC.,                :
                                :
            Plaintiff,          :
                                :    No. 16 Civ. 7269 (JFK)
    -against-                   :    OPINION & ORDER
                                :
NICHOLAS S. ZOULLAS,            :
                                :
            Defendant.          :
------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/07/2017

**JOHN F. KEENAN**, United States District Judge:

Before the Court is Plaintiff Naxos Art Inc.'s ("Naxos") motion, pursuant to 28 U.S.C. § 1447(c), for costs and attorney fees. Naxos makes its motion in connection with the Court's remand of the case to the Supreme Court of the State of New York, New York County after removal by Defendant Nicholas Zoullas ("Zoullas"). For the reasons stated below, the Court grants Naxos' motion for costs and expenses, including attorney fees, in the amount of $11,635.

## I. Background

On June 17, 2016, Naxos filed a complaint in the Supreme Court of the State of New York, New York County against Zoullas. (Decl. of Dean R. Nicyper in Supp. of Order to Show Cause for Remand & for Costs & Att'ys' Fees Ex. D, ECF No. 12-4 (filed Sept. 21, 2016).) The gist of the complaint is that Zoullas improperly took and refused to return many works of art owned by Naxos and worth millions of dollars. After the proceedings in

1

New York state court resulted in a temporary restraining order and a preliminary injunction being entered against Zoullas, Naxos moved to hold Zoullas in contempt. (Id. ¶ 3.) A contempt hearing was held on September 15, 2016. (Id.) On September 17, 2016, Zoullas filed a notice of removal to this Court. (See Notice of Removal, ECF No. 1 (filed Sept. 17, 2016).[1]) Naxos contends that Zoullas' removal was a "frivolous procedural maneuver solely to avoid being held in contempt." (Pl.'s Supplemental Mem. of L. in Supp. of Mot. for Costs & Att'ys' Fees at 1 [hereinafter "Pl.'s Supplemental Mem. of L."], ECF No. 14 (filed Sept. 30, 2016).)

Both the original and amended notice of removal premised federal jurisdiction on complete diversity under 28 U.S.C. § 1332. (See Notice of Removal ¶¶ 1, 13, 14-18, ECF No. 1; Amended Notice of Removal ¶¶ 1, 13, 14-18, ECF No. 6 (filed Sept. 20, 2016).) After reviewing the notices, the Court determined that removal was improper under 28 U.S.C. § 1441(b)(2), which provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and

---

[1] Zoullas re-filed the notice of removal on September 18, 2016 and filed an amended notice of removal on September 20, 2016. (See Notice of Removal, ECF No. 4 (filed Sept. 18, 2016); Amended Notice of Removal, ECF No. 6 (filed Sept. 20, 2016).) The amended notice is substantially similar to the originally filed notice.

2

served as defendants is a citizen of the State in which such action is brought." The Court granted Naxos' motion to remand the case to New York state court because: (1) Zoullas' sole basis for removal was § 1332(a); (2) Zoullas is a citizen of New York, where the action was brought; and (3) Zoullas was properly served with the complaint on June 23, 2016. (Order at 2, ECF No. 13 (filed Sept. 26, 2016).) The Court retained jurisdiction over Naxos' application for fees and costs. (Id.)

On September 30, 2016, Naxos made the instant motion for costs and attorney fees under 28 U.S.C. § 1447(c), which authorizes a remanding court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Naxos argues that it is entitled to fees because Zoullas lacked an objectively reasonable basis for removing and was merely deploying a tactic to avoid the state court contempt hearing. (Pl.'s Supplemental Mem. of L. at 4-5.) In response, Zoullas argues that fees are not warranted because he believed removal was "in good faith" and "justified" based on complete diversity under § 1332. (Decl. of Thomas A. Farinella in Opp'n of Pl.'s Appl. for Costs & Att'ys' Fees at 4 [hereinafter "Farinella Decl."], ECF No. 21 (filed Oct. 21, 2016).)

## II. Legal Standard

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In Martin v. Franklin Capital Corp., the U.S. Supreme Court held that "the standard for awarding fees [under § 1447(c)] should turn on the reasonableness of the removal." 546 U.S. 132, 141 (2005). A court may award attorney fees "only where the removing party lacked an objectively reasonable basis for seeking removal." Id. "Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed." Williams v. Int'l Gun-A-Rama, 416 F. App'x 97, 99 (2d Cir. 2011). "[W]hen an objectively reasonable basis exists," however, "fees should be denied." Martin, 546 U.S. at 141.

"The amount of costs to be awarded—or whether to award costs at all—is entirely in the discretion of the court." Arabesque v. Capacity LLC, No. 07 Civ.2042(TPG), 2008 WL 681459, at *2 (S.D.N.Y. Mar. 10, 2008). Should the Court determine that an award is appropriate, Naxos "may recover fees at a reasonable rate for a reasonable number of hours spent in connection with the remand motion." MB Fin. Bank, N.A. v. 56 Walker, LLC, No. 11 Civ. 5538(JGK), 2011 WL 6338808, at *3 (S.D.N.Y. Dec. 19, 2011) (internal quotation marks omitted).

## III. Discussion

That Zoullas' removal was improper under § 1441(b)(2) does not necessarily mean that he lacked an objectively reasonable basis for attempting to remove. "The question of whether the removing defendants were objectively reasonable to remove is an independent question from whether the removal itself was procedurally proper." Williams, 416 F. App'x at 101 n.3. Several courts in this District have found that a removing defendant lacked an objectively reasonable basis for removing a case on the stated basis of diversity of citizenship when, as here, the defendant was a citizen of the state in which the action was brought. See Prescia v. U.S. Life Ins. Co. in City of New York, No. 10cv2518 (KMW), 2010 WL 4344561, at *3 (S.D.N.Y. Nov. 1, 2010) ("Here, the Court is authorized to award costs and attorney's fees against the Defendant [under § 1447(c)] because removal was predicated upon a diversity of citizenship that clearly does not exist. Defendant is a citizen of the state in which this action is brought. Even the most basic of research would have revealed that this Court does not have jurisdiction over this action." (internal quotation marks and citation omitted)); Dela Rosa v. 610-620 W. 141 LLC, No. 08 Civ. 8080(PKL), 2009 WL 1809467, at *3-4 (S.D.N.Y. June 24, 2009); see also Syms, Inc. v. IBI Sec. Serv., Inc., 586 F. Supp. 53, 56-57 (S.D.N.Y. 1984).

5

In concluding that Zoullas lacked an objectively reasonable basis for removal, the Court finds the reasoning of other courts in this District persuasive. Zoullas is a citizen of New York, where the action was originally brought. (See Order at 2.) Thus, federal jurisdiction was plainly lacking under § 1441(b)(2) for purposes of removal. An award under § 1447(c), therefore, is appropriate because "removal was predicated upon a diversity of citizenship that clearly does not exist." Prescia, 2010 WL 4344561, at *3 (internal quotation marks omitted).

Zoullas' arguments in opposition are without merit. Zoullas emphasizes his "good faith" beliefs regarding the propriety of removal, (Farinella Decl. at 4-6), ignoring that the question of good or bad faith has no bearing on an award of attorney fees under § 1447(c). See Arabesque, 2008 WL 681459, at *2 ("Bad faith on the part of the removing party is not necessary in order for the non-removing party to recover fees."). Instead, the standard for an award of attorney fees is whether "the removing party lacked an objectively reasonable basis for seeking removal." Martin, 546 U.S. at 141. That standard is met here and an award of attorney fees is appropriate.

The remaining issue, then, is the proper amount of the award. Naxos seeks an award of $17,365.50, which it contends represents a reasonable rate for a reasonable number of hours

6

spent working on the motion to remand. (Pl.'s Supplemental Mem. of L. at 7-8.) According to Naxos, its attorneys and a paralegal spent 35.3 hours litigating the remand motion: partner Dean Nicyper (8.1 hours at a rate of $750 per hour); counsel Chaya Weinberg-Brodt (8 hours at a rate of $630 per hour); associate Joseph Gallo (9.3 hours at a rate of $390 per hour); and paralegal Lalindra Sanichar (9.9 hours at a rate of $265 per hour). (See Supplemental Decl. of Dean R. Nicyper in Supp. of Mot. for Costs & Att'ys' Fees Ex. B, ECF No. 18-2 (filed Oct. 12, 2016).)

"A reasonable rate is one in-line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation." MB Fin. Bank, 2011 WL 6338808, at *3 (internal quotation marks omitted). Although some of the rates charged in connection with Naxos' remand motion are relatively high, they generally fall within the range of reasonable. See id. at *3-4 (finding rates of $645 per hour for litigation partners and $545 per hour for senior litigation associate reasonable); In re AOL Time Warner S'holder Derivative Litig., No. 02 Civ. 6302(CM), 2010 WL 363113, at *13 (S.D.N.Y. Feb. 1, 2010) (finding that rates ranging from $90 to $250 for paralegals, $175 to $550 for associates and other non-partner level attorneys, and $300 to $850 for partners "fall within the range of those commanded by leading lawyers in the

7

Southern District"); see also Axelrod v. Klein, 16-cv-07183 (ALC), 2016 WL 6330433, at *2 (S.D.N.Y. Oct. 28, 2016) (collecting cases considering reasonable rates for paralegals and noting that "$210 per hour is a high rate" but nevertheless finding it reasonable).

Although Zoullas does not challenge the rates set forth in Naxos' application, the Court finds that an award of $17,365.50 would be excessive in light of the "length and quality of [Naxos'] motion papers, the fact that removal was improper on the face of [Zoullas'] notice, and other awards of attorneys' fees issued in this District under § 1447(c)[.]" Dela Rosa, 2009 WL 1809467, at *4 (collecting cases that determine the amount of an award of attorney fees); see also MB Fin. Bank, 2011 WL 6338808, at *4 ("[T]he number of hours expended in connection with the remand motion is excessive, given that the removal was plainly improper[.]"). Accordingly, the Court sees fit to apply an across-the-board reduction of approximately 33 percent to Naxos' request. See MB Fin. Bank, 2011 WL 6338808, at *4 (applying "across-the-board reduction of 40% to the plaintiff's attorneys' hours"). The Court finds an award of $11,635 to be more reasonable.

## CONCLUSION

Because Zoullas lacked an objectively reasonable basis for removing the case from New York state court, Naxos' motion for costs and attorney fees is GRANTED in the amount of $11,635.

The Clerk of the Court is respectively directed to enter judgment in favor of Naxos, and to close this case and remove it from the docket of this Court.

**SO ORDERED.**

Dated: New York, New York
July 7, 2017

John F. Keenan
United States District Judge